**In re Sharlene FERNANDEZ, Debtor.**

**Bankruptcy No. BK–S–94–24698–LBR.**

United States Bankruptcy Court, D. Nevada.

Sept. 8, 1995.

Mark J.C. Yee, Deputy Attorney General, State of Hawaii, Honolulu, Hawaii, for State Dept. of Taxation.

Gregory A. Koppe, Koppe & Koppe, Las Vegas, NV, for debtor.

### ORDER DENYING DEBTOR'S OBJECTION TO CLAIM

ROBERT CLIVE JONES, Bankruptcy Judge.

The Debtor, Sharlene Fernandez, filed her Chapter 13 petition on November 22, 1994. Hawaii's State Department of Taxation ("Hawaii") filed a proof of claim on April 11, 1995, asserting a priority claim in the amount of $4,176.32 for state income tax. The Debtor sold her residence in Hawaii on November 26, 1990, and deferred the gain realized on the sale.[1] She did not purchase another

---

1. 26 U.S.C. § 1034 is incorporated by reference by HRS 235–2.4(h). Section 1034 provides for the nonrecognition of gain where a taxpayer sells his residence and then reinvests the proceeds in another residence within two years after the sale. HRS 235–2.4(h) was redesignated as HRS 235–2.4(1) in 1991.

residence within two years (by November, 1992). The Debtor filed an amended 1990 tax return in April, 1993.

Hawaii bases its priority claim upon 11 U.S.C. 507(a)(8)(A)(i). Section 507(a)(8)(A)(i) states that:

(a) The following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition *for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition....* (Emphasis added).

The Debtor objects to Hawaii's priority claim on the stated ground that under 11 U.S.C. 507(a)(8)(A)(i), the taxable year was 1990, and thus the "return" was last due more than three years before the date of the filing of the petition.

Hawaii contends that an amended return was not required to be filed until after the two year period for the replacement of the residence, and thus the "return" under § 507(a)(8)(A)(i) was due within three years of the filing of the petition.

### Legal Discussion

■ The State of Hawaii requires that an amended return be filed if there is a gain which must be recognized from the sale of a residence. Pursuant to Rules Section 18–235–2.3(a)(3), Hawaii has adopted the federal tax regulations.[2] IRS Regulation 1.1034–1(i) (1978) provides, in pertinent part:

(i) Statute of Limitations. (1) Whenever a taxpayer sells property used as his principal residence at a gain, the statutory period prescribed in section 6501(a) for the assessment of a deficiency attributable to any part of such gain shall not expire prior to the expiration of three years from the date of receipt, by the district director with whom the return was filed for the taxable year or years in which the gain from the sale of the old residence was realized (section 1034(j)), of a written notice from the taxpayer of—

----

(iii) The taxpayer's failure to make such a purchase within such period.

*Any gain from the sale of the old residence which is required to be recognized shall be included in gross income for the taxable year or years in which such gain was realized....*

(2) The notification required by the preceding subparagraph shall contain all pertinent details in connection with the sale of the old residence and where applicable, the purchase price of the new residence. *The notification shall be in the form of a written statement and shall be accompanied, where appropriate, by an amended return for that year in which the gain from the sale of the old residence was realized, in order to reflect the inclusion in gross in-*

2. Hawaii's "Rules Section 18–235–2.3(a)(3)" provides:

Adoption of federal tax regulations. The regulations relating to those sections of subtitle A, Chapters 1 and 6, Internal Revenue Code of 1954, as amended as of December 31, 1978, adopted by Section 235–2.3, HRS, that are contained in the Federal Tax Regulations 1979 (Title 26, Internal Revenue, 1954 Code of Federal Regulations), with amendments and adoptions to January 1, 1979, and that are not in conflict with provisions contained in Chapters 235, 231 or 232, Hawaii Revised Statutes, *are hereby adopted by reference and made a part of the rules and regulations of the Department of Taxation....*

At the hearing, the Court requested that Hawaii provide authority citing the "Hawaii statute and regulation incorporating the federal statute and regulation" pertaining to the filing of an amended return. In response to the Court's request, Hawaii filed a "Second Supplemental Response". Attached as Exhibit "A" was a copy of a portion of a document entitled "Taxes of Hawaii With Emphasis on Relationship to Federal Income Taxes" (written by Bock, Brilliant and Gerding), in which "Rules Section 18–235–2.3", adopting the federal tax regulations, is quoted.

The Debtor has not contested Hawaii's proof of the incorporation of federal tax regulations pursuant to "Rules Section 18–235–2.3", and thus the Court will deem the incorporation to be admitted.

*come for the year of gain required to be recognized in connection with such sale.* (Emphasis added).

■ Thus, Hawaii requires that an amended return be filed when there is a gain which must be recognized from the sale of a residence. Accordingly, an amended return is a "return" which is "required" for purposes of § 507(a)(8)(A)(i). Since the Debtor's amended return was filed within three years before the filing of the petition, § 507(a)(8)(A)(i) gives Hawaii's claim priority status.[3] *In re Lamborn,* 181 B.R. 98 (Bankr.N.D.Okla.1995) (amended return was "required" within three years under § 507(a)(7)(A)(i)[4] even though debtors' income tax returns were due more than ten years pre-petition, where state law required debtors, in the event of IRS changes, to submit either a formal amended return or a letter acting as its substitute).

Accordingly, the Debtor's objection to Hawaii's claim is denied.

IT IS SO ORDERED.

---

3. At the hearing on this matter, the Court concluded that § 507(a)(8)(A)(iii) did not apply, given that the state tax was assessed before the commencement of the case. Furthermore, § 507(a)(8)(A)(ii) does not apply, given that Hawaii stated at the hearing that the tax at issue in this case was assessed in April, 1993. Thus, under § 507(a)(8)(A)(ii), the tax was not assessed within 240 days before the date of the filing of the petition.

4. Section 507(a)(7) was redesignated as § 507(a)(8) as a result of the 1994 amendments to the Bankruptcy Code.